# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0941V
(not to be published)

| | |
|---|---|
| BARBARA GOLDMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Date: October 29, 2019<br><br>Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.

*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 28, 2018, Barbara Goldman, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") due to a pneumococcal conjugate vaccine received on December 17, 2015. (Petition at 1). On August 22, 2019, a decision was issued by then-Chief Special Master Nora Beth Dorsey, awarding compensation to petitioner based the respondent's proffer. (ECF No. 31).

Petitioner has now filed a motion requesting attorney's fees and costs, dated October 7, 2019 (ECF No. 36.), requesting a total award of $15,552.55 (representing

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$14,628.90 in fees plus $923.65 in costs).  Pursuant to General Order #9, counsel for Petitioner represents that Petitioner has not incurred out-of-pocket costs in pursuit of this litigation.  *Id.*  Respondent reacted to the motion on October 15, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to the Court's discretion to determine the amount to be awarded.  (ECF No. 38).  On October 9, 2018, counsel for Petitioner notified the staff attorneys office that Petitioner did not intend to file a reply. Respondent's counsel was copied on all correspondence.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  I have reviewed the billing records submitted with Petitioner's initial request, and based on my discretion and Vaccine Program experience, I find the requested hourly rates and work performed to be reasonable.  I therefore approve the requested amount for attorney's fees and costs.

Accordingly, I  hereby GRANT Petitioner's Motion for attorneys' fees and costs. I award a total of **$15,552.55** (representing $14,628.90 in attorney's fees and $923.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Jeffrey S. Pop, Esq.  In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.